UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CURTIS TEMPLE,<br><br>    Plaintiff,<br><br>vs.<br><br>JEREMY LANGDEAU and<br>SHAWN RICHARDS,<br><br>    Defendants. | CIV. 21-5036-JLV<br><br>ORDER |

Plaintiff Curtis Temple filed a verified complaint and motion for a temporary restraining order ("TRO"). (Dockets 1 & 2). Plaintiff's motion for a TRO is accompanied by a memorandum and affidavits with attached exhibits. (Dockets 3 through 12). Mr. Temple's complaint alleges three causes of action against the defendants Jeremy Langdeau and Shawn Richards, Director of the Oglala Sioux Tribe Land Office, individually. (Docket 1 at p. 2). Count I of the complaint alleges the defendants committed fraud and deceit against Mr. Temple by falsely representing to Mr. Temple that his cattle trespassed onto Oglala Sioux tribal land. Id. at p. 10. Relying on the defendants' allegedly false representations, Mr. Temple states he paid $67,734 in December 2020 for the return of his cattle. Id. Count II alleges the defendants subsequently trespassed onto land owned by Mr. Temple within the boundaries of the Pine Ridge Indian Reservation. Id. at pp. 10-11. Count III alleges the defendants committed theft when they entered onto Mr. Temple's privately owned land and removed his cattle from that land. Id. at p. 11-12. Mr. Temple alleges some of

these cattle were eventually sold to Mr. Langdeau.  Id. at p. 2.  He seeks a TRO to enjoin the defendants from selling more of his cattle at a scheduled public sale on July 1, 2021.  (Docket 2 at p. 17; see also Docket 2-1).  Mr. Temple asserts the court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  (Docket 1 at p. 1).

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto."  Winnebago Tribe of Nebraska v. Babbitt, 915 F. Supp. 157, 162 (D.S.D. 1996) (quoting Marine Equipment Management Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993)) (internal quotation marks omitted).  "The threshold inquiry in every federal case is whether the court has jurisdiction[,] and the Eighth Circuit has admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases."  Id. (quoting Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964) (internal quotation marks omitted); see also Oglala Sioux Tribe v. Schwarting, 894 F. Supp. 2d 1195, 1198 (8th Cir. 2012) ("It is well established that a court has a special obligation to consider whether it has subject-matter jurisdiction in every case.").

Federal statute confers original jurisdiction on federal district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "For a case to arise 'under the Constitution, laws, or treaties of the United States,' . . . a right or immunity created by the Constitution or laws of the United States must be an essential element of the

plaintiff's cause of action." U.S. ex rel. Kishell v. Turtle Mountain Housing Authority, 816 F.2d 1273, 1275 (8th Cir. 1987).  It is not enough to create federal subject matter jurisdiction simply that "a case involves an Indian party or contract or tribal or individual Indian property, or . . . arises in Indian country."  COHEN'S HANDBOOK OF FEDERAL INDIAN LAW § 7.04[1][a] (Nell Jessup Newton ed., 2012); see also Weeks Constr., Inc. v. Oglala Sioux Hous. Auth., 797 F.2d 668, 672 (8th Cir. 1986).  The interpretation of federal law must be central to the resolution of the case.  See Longie v. Spirit Lake Tribe, 400 F.3d 586, 590 (8th Cir. 2005).

Here, Mr. Temple, an enrolled member of the Oglala Sioux Tribe, filed his complaint against two individuals, Mr. Langdeau and Mr. Richards, seeking injunctive relief and damages.  See Docket 1 at pp. 2 & 13-14.  Mr. Temple's ranch land where the actions giving rise to his claims allegedly occurred is located within the boundaries of the Pine Ridge Indian Reservation, in Indian country.  See id. at p. 11.  However, Mr. Temple "does not contend that resolution of this suit revolves around any particular disputed issue of federal law."  Schwarting, 894 F. Supp. 2d at 1201 (emphasis omitted).  In fact, he asserts the "round up and forced sale" of his cattle "without a lawful notice of trespassing or notice of impoundment" violates an Oglala Sioux Tribe livestock ordinance.  (Docket 2 at pp. 9-10).  Furthermore, all three causes of action alleged by Mr. Temple in his complaint—fraud and deceit, trespass and conversion—are common law tort claims.  Because it is well established "[t]here is no federal general common law," to the extent any of Mr. Temple's claims are

3

viable, they arise under tribal law, not federal law.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  Finally, having not identified any state or federal action underlying any of his claims, Mr. Temple's bare assertion that federal question subject matter jurisdiction exists because his "federal due process rights have been violated" cannot salvage his complaint in federal court.  (Docket 1 at p. 1).

"In sum, the outcome of this case would not be controlled or conditioned by federal law," but rather tribal law.  Schwarting, 894 F. Supp. 2d at 1202.  Therefore, the court finds it does not have federal question subject matter jurisdiction over this case.  See Runs After v. U.S., 766 F.2d 347, 352 (8th Cir. 1985) (affirming that the "resolution of . . . disputes involving questions of interpretation of . . . tribal law is not within the jurisdiction of the district court").  Accordingly, it is

ORDERED that Curtis Temple's motion for a temporary restraining order (Docket 2) is denied.

IT IS FURTHER ORDERED that the complaint in this case (Docket 1) is dismissed without prejudice for lack of subject matter jurisdiction.

Dated June 29, 2021.

                                      BY THE COURT:

                                      /s/ *Jeffrey L. Viken*
                                      JEFFREY L. VIKEN
                                      UNITED STATES DISTRICT JUDGE